## LUTTRELL *v*. KNOX COUNTY.

### (*Knoxville.* October 11, 1890.)

1. TAXATION. *Bridge erected by lessee upon exempt piers taxable.*

    Knox County, having stone piers and right of way suitable for bridge over Tennessee River, leased them to Saulpaw upon condition that he should erect a bridge thereon, "as long as he or his heirs or assigns shall keep the same sound, safe, and in good repair," as required by the lease. These piers and the right of way were exempt from taxation as public property. This lease contained covenants for quiet enjoyment and against incumbrances. It provided that loss of bridge by fire or wind should fall upon lessee; that he should be entitled to all insurance money; that county should not be partner with lessee; and that toll-money should be applied (1) to expenses; (2) for payment to lessee of six per cent. interest on $50,000—cost of bridge; (3) to payment of $1,500 to county; (4) the surplus—one-third to county and two-thirds to lessee.

    *Held:* The superstructure erected pursuant to this lease is not exempt, but subject to taxation during the continuance of the lease as the property of the lessee or his assignee.

    Case cited and approved: 82 N. Y.

2. SAME. *Same. County not liable to refund taxes to lessee.*

    And the county is not liable under this lease to indemnify lessee against the taxes he may be required to pay.

3. SAME. *Same. Navigability of river immaterial.*

    The navigability of the river is wholly immaterial upon the question of the taxability of this superstructure.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

LEWIS TILLMAN for Luttrell.

WAT M. COCKE and LINK HOUK for County.

LEA, J. The bill in this cause was filed to enjoin the assessment and collection of taxes upon a toll-bridge over the Tennessee River. Complainant insists that the bridge cannot be assessed for taxes because of the interest of the county therein, and that, if the bridge is subject to assessment, under the contract the county must pay the taxes. The Chancellor dismissed the bill, and complainant has appealed and assigned errors. The liability of complainant is to be determined from the contract entered into between the county and Saulpaw, complainant's assignor. The county having stone piers in and on each side of the river, entered into a contract with Saulpaw that the county " doth hereby let and lease to said second party (upon the conditions and for the terms hereinafter specified) the stone piers heretofore erected and now standing on either side and in the Tennessee River, at Knoxville, down to and across said river, * * * together with land owned by said first party, upon which said piers stand, and all the rights of way and approaches to said piers and the bridge to be erected on said piers, and all land, rights, or franchises of every description which said first party has in and to said piers, approaches, and rights of way; to have and to hold the said lands, piers, approaches, and rights of way privi-

leges unto said Saulpaw, his heirs and assigns, upon condition he erect a bridge upon said piers, and as long as he or his heirs or assigns shall keep the same sound, safe, and in good repair, as hereinafter provided and by him undertaken. And the party of the first part doth covenant that it is lawfully seized of the grounds, piers, properties, rights, privileges, and franchises above leased, and that the same are unincumbered; and it will and does bind itself to defend and protect the said Saulpaw, his heirs and assigns, in the peaceable possession and enjoyment of all said properties and rights, and against the claims of all persons whatever, so long as he or his said heirs or assigns shall comply with the obligations and undertakings by him hereinafter assumed."

The contract then stipulates the character of bridge to be built; and if blown down or burned the loss is to be Saulpaw's, and he is entitled to any insurance there may be on the property. Saulpaw is to collect tolls, out of which is to be paid (1) reasonable expense for management and repairs, including premiums for insurance; (2) six per cent. per annum on $50,000, the estimated cost of the bridge, to Saulpaw or his heirs or assigns; (3) then, out of the surplus, if any, $1,500 to the county; (4) if there still be a surplus, two-thirds to Saulpaw, his heirs or assigns, and one-third to the county.

It is then provided that " nothing herein shall be construed as constituting the county of Knox

a partner with said Saulpaw in said enterprise, or to render said county liable for any contracts or damages that may be made or arise out of or concerning the said bridge, or construction or operation thereof."

The contract was executed in 1880, and Saulpaw thereupon went forward and built the bridge as required by said contract, and assigned the same to complainant, who now collects tolls. The complainant has paid the taxes for several years, as alleged, upon the superstructure, and seeks to recover the same from the county under the contract, because not liable for taxes. It is insisted that the bridge, being erected upon piers belonging to the county, is exempt from taxation. By the terms of the contract the county " doth let and lease to said second party the piers, together with the land upon which said piers stand, and all the rights of way and approaches to said piers, and all rights or franchises of every description; to have and to hold the same to the lessee *as long* as he shall keep the same safe, sound, and in good repair."

The question presented and to be determined is whether by the contract the complainant has such an interest in the superstructure as the law will regard as property, and to the possession and enjoyment of which he is lawfully entitled. Complainant is now in possession of the property. It was built for his own profit under an indefinite lease, and he is entitled to retain possession *so*

*long* as he shall keep the bridge safe, sound, and in good repair. That the lease may be forfeited by the act of the lessee cannot affect the status of the property as to its present ownership. That the piers are exempt from taxation makes no difference as to the ownership of the superstructure. The superstructure upon exempt piers or upon exempt soil may nevertheless by contract be subject to taxation. Cooley on Taxation, 366, 367.

This question was directly decided by the Court of Appeals of New York in the case of *Elevated Road* v. *Board of Assessors*, 82 N. Y. The foundations, columns, and superstructure of an elevated railroad upon the streets of the city were held to be taxable real estate, and that was so although by the contract the city was to receive a certain stipulated part of the profits arising from operating the road. The fact that the bridge is over a navigable stream can make no difference. That the public have rights of navigation for commercial purposes does not affect the ownership of the bridge. We hold that the superstructure is liable to assessment for taxation. But it is insisted that if liable for assessment for taxes, that under and by the contract the county of Knox is bound "to keep off the taxes." The contract provides that the county "will and does bind itself to defend and protect the said Saulpaw in the peaceable possession and enjoyment of all said properties and rights, and against the claims of all persons whatever." The covenant is simply of peaceable pos-

17—5 P

session of said property, and not of exemption from taxation. Nothing is said in the contract about taxes, and the proof shows that nothing was said about taxes at the time of the execution. If the county had intended to make itself liable for taxes assessed against the complainant as the owner of the bridge, it would not have been left to inference.

It follows that the decree of the Chancery Court dismissing complainant's bill is affirmed, and complainant will pay the costs.

Judges Lurton and Snodgrass dissent.