BROWN et al. v. OHIO VAL. RY. CO.

(Circuit. Court, D. Indiana. March 15, 1897.)

1. Constitutional Law—Railroads—Preferred Debts.
   A state statute providing that citizens of the state shall have a lien on the personal property of railroad companies thereafter organized, to the amount of $100, for all debts originally contracted in the state, superior to all other liens or mortgages (2 Burns' Rev. St. Ind. 1894, § 5179; Rev. St. Ind. 1881, § 3919), is valid both as against the railroad company and other lien holders.

2. Same — Only Those Injuriously Affected can Question Constitutionality of Statute.
   Only those who are injuriously affected by an unconstitutional act will be heard to complain of it. Therefore neither a railroad corporation nor its receiver will be heard to question the right of a claimant to have his claim paid as a preferred one, upon the ground that the statute upon which he bases his right discriminates against citizens of other states, as only a citizen of another state will be heard to make that complaint.

In Equity.

Hamilton A. Madison, Francis B. Posey, and Andrew J. Clark, for petitioners.

Gilchrist & De Bruler, for receiver.

BAKER, District Judge. Hamilton A. Madison, Francis B. Posey, and Andrew J. Clark have filed an intervening petition in the above-entitled cause for the recovery of a decree against the defendant, the Ohio Valley Railway Company, and John MacLeod, its receiver, for the sum of $100, for services rendered by them as attorneys for said railway company prior to the appointment of the above-named receiver. The right of recovery is predicated on the provision of the statute of Indiana relating to the organization of railroad corporations, which took effect on May 6, 1853, and which is as follows:

"And the citizens of this state shall have a lien upon all the personal property of said corporations, to the amount of one hundred dollars, for all debts originally contracted within this state; which, after said lien of the state, shall take precedence of all other debts, demands, judgments or decrees, liens or mortgages against such corporations." 2 Burns' Rev. St. 1894, § 5179 (Rev. St. 1881, § 3919).

The receiver, answering the petition, admits that the intervening petitioners are, and have been for many years, citizens of the state of Indiana, and that, at the time of his appointment as receiver for the Ohio Valley Railway Company, it was indebted to them in the sum of $100 for a liability originally contracted within this

state, for services rendered to and for said company. He also admits that at the time of his appointment the Ohio Valley Railway Company had cars and other personal property, to a large amount, in the state of Indiana. It is admitted that the petitioners are entitled to have their demand allowed and paid as a preferential claim, unless, as the receiver insists, the above-quoted statutory provision is invalid by reason of its repugnancy to the following provision of the constitution of the United States, viz.: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." Article 4, § 2. Counsel who make the objection for the receiver have not argued the constitutional question, but have contented themselves with the single statement that "we do not find any authority which would throw any light on the subject, and do not think we can make any argument which would be of any assistance to the court." The provision in question has stood upon the statute book for nearly half a century, and, so far as the court is advised, its constitutionality has never been heretofore drawn in question. A court will not, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. While the court cannot shun the discussion of a constitutional question, when fairly presented and its decision is essential, yet it will not go out of its way to find such a question. It will not seek to draw such a weighty matter into judgment collaterally, nor on a trivial occasion. A proper respect for a co-ordinate department should restrain the court from discussing the constitutionality of a statute, unless that question is the very lis mota, and its decision unavoidable. In the view which the court takes of the present case, the consideration of the constitutional question suggested is not necessary, and therefore the court will enter upon no such extrajudicial discussion as is invited.

The power to create corporations resides exclusively in the legislative department of the state. With the exercise of this power, within constitutional limits, the courts have no concern. The legislature is possessed of the unquestionable power to provide that the debts of such corporations, to a limited amount, shall take priority over liens or mortgages. The corporation having been granted corporate existence on that express condition, it cannot repudiate the provision in question. It has taken the benefit of the statute, and it must bear the burden which has been made an essential condition of its right to become a railway corporation. Nor can a lienor or mortgagee complain because their rights have been acquired since the statute has been enacted, and with a knowledge of it. They will be presumed to have given their assent to the statute by entering into contractual relations with a corporation which has voluntarily accepted its provisions. The precise constitutional objection is not, and cannot be, that the legislature is not possessed of the power to provide for the payment of all small debts of the corporation by giving them a preference and priority over liens and mortgages subsequently originating, for such power is undoubted. The objection must be that the statute in question is unconstitu-

tional because it limits the right to citizens of this state, and to debts originally contracted therein, and thus discriminates injuriously against the citizens of other states. If it should be granted that nonresidents of this state have equal constitutional rights in respect to enforcing the collection of small debts with the citizens of this state, it might follow that as to those who were injuriously affected, or as to those against whom the statute discriminates, it would be invalid, while as to those to whom it assumes to grant a special privilege it would be valid. When a nonresident of the state assails the constitutionality of the statute on the ground that it injuriously affects him, or on the ground that it denies him a privilege granted to the citizens of this state, it will be time to consider the constitutional question suggested. Courts will not listen to those who are not aggrieved by an invalid law. The railway company and its receiver are not aggrieved by the statute. The only ground of complaint open to them is that the statute limits their liability within too narrow bounds. If it granted the right to sue for debts amounting to $100 to every one, it would confessedly be a valid enactment. Can the receiver object that the statute is unconstitutional because it is less burdensome to railway corporations than it might and ought to have been? It has been held that a state law which excluded colored persons from service on grand and trial juries deprived them of the equal protection of the law, but that a white person could not complain of the statutory exclusion. Com. v. Wright, 79 Ky. 22. So it has been held that a white person could not raise the question whether the exclusion of colored persons from participation in the benefits of the common-school system was a violation of the constitution of the state. Marshall v. Donovan, 10 Bush, 681. A male inhabitant of the state cannot assail the constitutionality of a statute regulating the granting of licenses to vendors of intoxicating liquors on the ground that the exclusion of women and nonresidents from participation in its benefits is an unjust discrimination. Wagner v. Town of Garrett, 118 Ind. 114, 20 N. E. 706. These cases are agreeable to the principle that only those who are injuriously affected by an unconstitutional act will be heard to complain of it. Cooley, Const. Lim. (5th Ed.) 163, 164; Smith v. McCarthy, 56 Pa. St. 359. The receiver, having admitted the rights of the complainants unless the statute in question should be held unconstitutional, is in no situation to object to the allowance of the demand of the intervening petitioners as a preferential claim. An order may be entered directing the receiver to pay the intervening petitioners the sum of $100, as a preferential claim, with costs to be taxed.