Putnam County v. Smith County.

PUTNAM COUNTY *v.* SMITH COUNTY.

(*Nashville.*   December Term, 1913.)

1. ESTOPPEL.   Persons estopped.   Municipal corporations.

The doctrine of estoppel due to laches and acquiescence is applicable, in certain cases, to a county, as a *quasi* municipal corporation.   (*Post, p.* 396.)

Acts cited and construed:   Acts 1870, ch. 84; Acts 1873, ch. 66; Acts 1877, ch. 115; Acts 1881, ch. 142; Acts 1883, ch. 99.

Cases cited and approved:   County of Boone v. Railroad, 139 U. S., 684; Louisville v. Cumberland Tel. Co., 224 U. S., 649; McMillan v. Hannah, 106 Tenn., 689.

2. COUNTIES.   Boundaries.   Estoppel by conduct.

A county which acquiesces for twenty years, the common law period of prescription, in the detachment of a part of its territory, so as to reduce its territory to less than 500 square miles in area, contrary to Const. 1870, art. 10, sec. 4, will be estopped by laches from maintaining a suit to recover the detached territory.   (*Post, p.* 397.)

3. COUNTIES.   Division of territory.   Taxes.

A county suing to recover territory which had been detached from it and added to another county by unconstitutional statutes was entitled to recover taxes collected by such other county, after the original bill was filed in the suit, on lands affected by the unconstitutional statutes.   (*Post, p.* 397.)

Cases cited and approved:   McMillan v. Hannah, 106 Tenn., 689; Cheatham County v. Dickson County (Ch. App.), 39 S. W., 734.

FROM PUTNAM.

Appeal from Chancery Court, Putnam County.—
A. H. ROBERTS, Judge.

ALGOOD & FINLEY, W. BRYANT, and O. K. HOLLADAY, and E. H. BOYD, and LON EDWARDS, for plaintiff.

J. N. FISHER and L. A. LIGON, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The complainant, Putnam county, filed its bill attacking Acts 1905, ch. 370, Acts 1897, ch. 148, and Acts 1895, ch. 98, as unconstitutional on the ground that each attempted to effect a deduction of territory from complainant county and to add the same to Smith county, whereas, it is alleged Putnam county had at the dates of passage less than 500 square miles of area; the constitutional provision invoked being article 10, sec. 4, of the Constitution of 1870, which stipulates: "Nor shall such old county be reduced to less than five hundred square miles."

Complainant county also sought to collect from Smith county the taxes for county purposes collected by the latter which were assessed upon the lands attempted to be detached by the several acts.

Later an amended bill was filed which incorporated a like attack on the following acts, by which it was attempted to detach further lands from Putnam county, and to attach same to Smith county. Acts 1883, ch. 99; Acts 1881, ch. 142; Acts 1877, ch. 115; Acts 1873, ch. 66; and Acts 1870, ch. 84.

The county of Smith defended by answer on grounds: (1) That Putnam county had not, in point of fact,

been reduced below the constitutional area; (2) gross laches and long acquiescence estopping complainant county. The chancellor decreed in favor of complainant, Putnam county, as to the territory involved, but allowed no recovery of taxes against Smith county. Both counties have appealed and assigned errors.

The question of fact as to the reduction of the area of Putnam county below the constitutional standard is by us resolved against Smith county, with result that the detachment acts are to be treated as unconstitutional.

. This leaves for determination whether that county may prevail on its second defense. Estoppel due to laches and acquiescence is applicable, in certain conditions, to a county, as a quasi municipal corporation. *County of Boone* v. *Railroad,* 139 U. S., 684, 11 Sup. Ct. 687, 35 L. Ed. 319; *Louisville* v. *Cumberland Tel. Co.,* 224 U. S., 649, 32 Sup. Ct., 572, 56 L. Ed., 934.

The doctrine has been applied in this State to a county which acquiesced for a long period in the attempted detachment from its area and jurisdiction of lands by void legislative acts, of the character of those involved in the present contest. *Roane County* v. *Anderson County,* 89 Tenn., 258, 266, 14 S. W., 1079, and cases therein cited.

We have for determination what period of time, during which there has been such acquiescence, will suffice to work an estoppel by reason of laches. In *McMillan* v. *Hannah,* 106 Tenn., 689, 61 S. W., 1020, it was held that a complainant county would not be es-

topped by such quiescent course for a period of fourteen years; but a period of "about eighteen years" was held sufficient to work such estoppel in the case cited in *Roane County* v. *Anderson County,* supra.

It seems proper that, for the guidance of the profession and future contestants, we should define the period requisite to an estoppel of the nature indicated, having application to such a case. We are of the opinion that the common law period of prescription, twenty years, furnishes the best analogy, and that it would be a just standard to adopt. This we do.

It should be noted that we are not dealing with a question of boundary line location, in which class of cases other considerations may or may not appear, such as the concurrent, recurrent, or mixed exercise of jurisdiction by each county within the limits of the territory in dispute, or negotiations between the authorities for settlement of the controversy. Here, the county of Putnam acquiesced in the conditions apparently wrought by the five legislative acts, last referred to, as fully as if they had been valid acts.

The chancellor erred, also, in denying to complainant county the recovery of taxes collected by Smith county, after the original bill was filed, on lands affected by the legislative acts therein attacked. *McMillan* v. *Hannah,* supra; *Cheatham County* v. *Dickson County* (Ch. App.), 39 S. W., 734.

Modified, with decree here accordingly.