NOELL *et al. v.* TENNESSEE EASTERN POWER Co.*

(*Knoxville.*   September Term, 1914.)

1. CONSTITUTIONAL LAW.   Persons entitled to raise question.

A landowner, whose land is sought to be condemned by an electric power company incorporated under Acts 1895, ch. 208, and Acts 1909, ch. 127, cannot question the constitutionality of those acts on the ground that they permit only incorporated companies to condemn, and therefore discriminate against individuals and partnerships, contrary to Const. U. S. Amend. 14, and Const. Tenn., art. 1, sec. 8, since the landowner is not injuriously affected by the alleged discrimination. (*Post, pp.* 247, 248.)

Acts cited and construed:   Acts 1895, ch. 208; Acts 1909, ch. 127.

Cases cited and approved:   Cronin v. Adams, 192 U. S., 108; Commonwealth v. Wright, 79 Ky., 22; Schoolcraft v. Railroad, 92 Ky., 233; Brown v. Railroad, 79 Fed., 176; Pugh v. Pugh, 32 L. R. A., 954; Spratt v. Transmission Co., 37 Mont., 60; Kelly v. State, 123 Tenn., 516.

2. EMINENT DOMAIN.   Proceedings.   Petition.   Public use.

A petition by an electric power company, incorporated under Acts 1895, ch. 208, and Acts 1909, ch. 128, which authorized companies incorporated thereunder to engage in some business that is not of a public nature, for the condemnation of lands, which alleged that the purpose of the company was the generating of electric current for commercial uses and for lighting and power purposes, that the company had invested large sums in the enterprise, which would be of great value to the citizens of the surrounding counties, and that it was engaged in a work of internal improvement which will subserve general

---

*The question whether the generation of electricity for sale to the public for the purposes of power is a public purpose for which the power of eminent domain may be exercised is treated in notes in 2 L. R. A. (N. S.), 842; 19 L. R. A. (N. S.), 725, and 22 L. R. A. (N. S.), 136.

public use, does not show that the power is to be supplied to the public in general, and not to selected individuals, and therefore does not show that the land sought to be condemned is to be used for a public purpose. (*Post, pp.* 248-250.)

Case cited and approved: Power Co. v. Webb, 123 Tenn., 584.

3. EMINENT DOMAIN. Proceedings. Petition. Public use. A petition for the condemnation of lands must distinctly show beyond doubt that the land is to be used for a public purpose, since otherwise there is no right to condemn. (*Post, pp.* 250-252.)

---

GREENE COUNTY.

---

Error to the Circuit Court, Greene County.—DANA HARMON, Judge.

SUSONG & BIDDLE and SHIELDS & CATES, for plaintiffs in error.

SHOUN & TRIM, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

A petition was filed in this case to condemn certain land belonging to the plaintiff in error, Noell, by the Tennessee Eastern Power Company, a corporation organized under chapter 208 of the Acts of 1895 and chapter 127 of the Acts of 1909. These acts authorize the incorporation of water, heat, electric light, and power companies. A demurrer was filed, in which the constitutionality of the said acts was challenged, and from the judgment of the lower court, overruling this

demurrer on this point and another point hereafter to be noted, an appeal was taken to this court.

The constitutional objection urged to the acts in question is that they confer the right of eminent domain on corporations organized thereunder, and withhold by implication this right from individuals, firms, and partnerships. This is said to be an arbitrary and unlawful discrimination, and to render the acts void as in conflict with the fourteenth amendment to the federal constitution and section 8 of article 1 of the constitution of Tennessee.

Quite an elaborate and able argument is made in support of this ground of demurrer. Although impressed by the argument, the court is not disposed to yield thereto, or concede the invalidity of the acts in question. It is not necessary to determine this question here, however, for the reason that the plaintiff in error, Noell, who thus assails the acts as discriminatory, is not a person adversely affected by the alleged discrimination. Such being his plight, he is not in a position to question the validity of the statutes. One against whom no discrimination is made has no standing to attack legislative classification as arbitrary and unreasonable. *Cronin* v. *Adams,* 192 U. S., 108, 24 Sup. Ct., 219, 48 L. Ed., 365; *Commonwealth* v. *Wright,* 79 Ky., 22, 42 Am. Rep., 203; *Schoolcraft* v. *L. & N. R. R. Co.,* 92 Ky., 233, 17 S. W., 567, 14 L. R. A., 579; *Brown* v. *Ohio Valley R. Co.* (C. C.), 79 Fed., 176. For many illustrations of this principle, see note under *Pugh* v. *Pugh* in 32 L. R. A. (N. S.), 954.

A case directly in point is *Spratt v. Helena Power Transmission Co.,* 27 Mont., 60, 94 Pac., 631. In this case it was held that a statute which conferred the right of eminent domain on certain classes of foreign corporations and withheld it from other foreign corporations could not be challenged as unconstitutional by one whose property a foreign corporation sought to condemn, since the property owner did not belong to the class discriminated against.

See, also, *Kelly v. State,* 123 Tenn., 516, 554, 132 S. W., 193.

Applying this rule to the present controversy, we must hold that plaintiff in error does not belong to the class against whom the alleged discrimination in the act is said to work. He is not adversely affected, and he cannot be permitted in this manner to call in question the validity of these statutes. He is not an individual possessed of a hydro-electric plant, nor one who desires to exercise the right of eminent domain. He is merely a landowner, and it can make no difference to him that corporate projectors of such an enterprise as this one of petitioner's appear to be favored by the statutes.

The other point raised by the demurrer and relied on in this court is that the petition for condemnation filed by the Tennessee Eastern Power Company does not aver sufficient facts to enable the court to determine whether or not the company is seeking to acquire the property in question for a public use. We are of opinion that this point is well made.

The material statements of the petition are in the following language:

"That it is a corporation organized under the laws of the State of Tennessee for the purpose of generating by water power electric current for commercial uses and for lighting and power purposes. It shows that it is now engaged in the construction of a large masonry dam across the waters of the Nolichucky river, in said county of Greene, the purpose of which is to dam up and store the water of said river, to the end that power may be acquired for the generation of electric current. It shows that it has erected transmission lines from said dam site along and over which will be carried the electric current generated at said dam for transmission and delivery to the citizens of Greene and surrounding counties for said commercial purposes. It shows that it is investing in said enterprise a large sum of money, and that the generation by it of electric current for the purpose aforesaid will be of great value to the citizens of Greene and surrounding counties. It avers that it is engaged in a work of internal improvement, and that the construction of said dam and the generation and delivery of electric current will subserve a general public use."

An inspection of the acts under which this petitioner was incorporated shows that it is authorized to engage in some business that is not of a public nature. We have held in the case of *Power Co.* v. *Webb,* 123 Tenn., 584, 133 S. W., 1105, that supplying electricity for light, heat, and motive power to all who might desire it was

a public use. In so far as this company undertakes to supply electric current to the public, its business is affected with a public use. It has, however, incidental charter powers to engage in private business as well; and we are not able to determine from the petition herein filed whether the land of the plaintiff in error is to be used for the benefit of the public or not. The petition avers that electric current is to be supplied "to the citizens of Greene and surrounding counties for said commercial purposes." There is no averment that all the citizens along the lines of petitioner are to be served with electric current, nor is there any statement of other facts from which we can see that electric current is to be supplied to the public. So far as the language of the petitioner discloses the purposes of the Power Company, it may be its intention to supply electric current only to persons of its own choice, with whom it may make favorable contracts in Greene and surrounding counties.

The petition asserts that the Power Company is engaged in a work of internal improvement, but it sets out no facts to justify this assertion. As we said in *Power Co. v. Webb,* supra, it is elementary that property cannot be taken under condemnation proceedings for a private use. Although we held in that case that the possession of incidental charter powers to engage in private enterprises will not deprive a corporation of the right of eminent domain given it to effectuate its public purposes, still when such a corporation seeks to condemn land, it must distinctly appear to the court

that this land is to be devoted to a public use. The petition in this case does not sufficiently indicate such an intention on the part of petitioner with reference to the property sought to be acquired. The power of eminent domain cannot be exercised to deprive a citizen of his property, unless it appears beyond doubt that such property is to be devoted to a public use.

It is said on the brief of counsel for the Power Company that an amendment was made to the petition prior to the hearing below which fully set out the purposes of petitioner with reference to the land of plaintiff in error, and a copy of this amendment is printed in the brief, and counsel said that a diminution of the record would be suggested and said amendment brought up. The amendment to the petition, as it appears in the brief, is unquestionably broad enough to show that the Power Company was seeking to take this property for public purposes, but no diminution has been suggested, and the said amendment is not before us.

On the record before us, we must sustain the demurrer of plaintiff in error, challenging the sufficiency of the averments of the petition, and reverse the judgment of the court below, and remand the case. The case is remanded, however, with permission to the petitioner to amend its pleadings.

The plaintiff in error filed an answer to the petition of the Power Company, but we think the circuit judge correctly held that the answer presented only those issues raised by the demurrer. In other words, the

answer merely denied the petitioner's averments as to its legal rights and raised no issue of fact. The case has, therefore, been treated by counsel in this court as if here on demurrer, and has been so disposed of by the court.

Reversed and remanded.