GASOLINE TRANSPORT, INC., et al.

*v.*

W. H. CROZIER, JR., et al.

355 S.W.2d 98.

(*Nashville*, December Term, 1961.)

Opinion filed March 7, 1962.

Petition for Rehearing Denied April 7, 1962.

CLARENCE EVANS, JAMES C. HAVRON, Nashville, for appellants.

ALFRED T. MACFARLAND, PHILLIP REED, Lebanon, HARRY PHILLIPS, PHILLIPS, GULLETT & STEELE, Nashville, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The question before us is the constitutionality of Chapter 86, Public Acts of 1961, which amended T.C.A. sec. 65-1503, so as to exempt from the Motor Carrier Act of 1933, ''any motor vehicle while used in the transportation of petroleum products when the owner, lessee or bailee of the vehicle is legally and regularly engaged in the business of selling or distributing such petroleum products transported on such vehicle[s].''

The Chancellor upheld the constitutionality of this Act and this appeal resulted.

The complainants are common carriers operating under certificate issued by the Tennessee Public Service Commission, and engaged in the business of transporting petroleum products in motor vehicles between various points in the State.

The defendant Crozier is a distributor of Gulf Oil Corporation.

Prior to 1958, Crozier's relation to Gulf was set out by a consignment contract by which Gulf delivered petroleum products to him for sale Gulf retaining title to the products until sold. Crozier received a commission for his sales. The products were delivered to Crozier in Maury County by a common carrier from the Gulf River Terminal in Nashville.

Crozier's bulk plant was about 45 miles South of the River Terminal. In the year 1958 the contract between Gulf and Crozier was amended so as to permit Crozier to receive the products at the Gulf Terminal, and by so doing obtain an increase in commissions. After the amendment to the contract the old method of operation was abandoned and Crozier did receive the products into his own vehicles at Nashville, and transported them directly to his customers, only a very small percentage of the products being dropped off at Crozier's bulk plant.

Crozier did not obtain a certificate of convenience and necessity, or a contract hauler's permit under the Motor Carrier Act, T.C.A. sec. 65-1501 et seq.

The complainants insist that Crozier is subject to the requirements of the Motor Carrier Act and sought an injunction to restrain him from transporting petroleum products for compensation without authority from the Public Service Commission.

The complainants insist that said Chapter 86, Acts of 1961, is unconstitutional on the ground that it creates an unreasonable classification.

The classification in the 1961 Act is reasonable. The exemption is granted to any motor vehicle while used in the transportation of petroleum products, when the owners, lessee, or bailee of the vehicle is legally and regularly engaged in the business of selling or distributing such petroleum products transported on such vehicles.

The ordinary contract hauler's interest in the product transported by him is limited to the compensation he receives for the transportation. Those within the terms of the 1961 exemption have a greater interest in the products transported, because they are engaged in the business of selling, or distributing them. They have a financial interest in the product over and above the mere compensation for transportation. This makes a reasonable basis for the classification. See *East Tennessee and Western North Carolina Motor Transport Co. v. Carden,* 164 Tenn. 416, 50 S.W.2d 230; *Aero Mayflower Transit Co. v. Georgia Public Service Commission,* 295 U.S. 285, 55 S.Ct. 709, 79 L.Ed. 1439.

The above being our views, it results that the Court is of the opinion that the said Chapter 86 of the Acts of 1961 is constitutional and the decree of the Chancellor is affirmed.

BURNETT, FELTS and DYER, JUSTICES, concur.

WHITE, JUSTICE, not participating.