T. O. McMahan *v.* R. M. Felts, Treasurer, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

436

John D. Sprouse and H. C. True, II, for complainant, appellant.

TRUE & DORSEY, for defendants, appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The bill seeks to enjoin the sale of bonds by the authorities of the Coopertown Special School District of Robertson County.

It is alleged that the sale of said bonds is authorized by chapter 698 of the Private Acts of 1929, but that said act is invalid because it violates article 2, section 17, of the constitution in that same is an amendatory act and recites neither in its caption nor body the subject of the law which it proposes to amend. The original act is chapter 123 of the Private Acts of 1921, the caption of which is as follows:

"A BILL to be entitled An Act to create and establish a Special School District out of a portion of the Thirteenth Civil District of Robertson County, Tennessee, including the village of Coopertown, Tennessee, to be known as the 'Coopertown Special School District;' to define its boundaries; to provide an advisory board for said school district; define the power and duties of such board, provide for the election of members thereof; provide supplementary revenue for the maintenance of the said Special School District."

The caption of the amendatory act is in this language:

"An Act to amend chapter 123 of the Acts of 1921 (Private) of the General Assembly of the State of Tennessee, being an Act creating a special school district in the 13th Civil District of Robertson County, Tennessee, known as the 'Coopertown Special School District,' by changing the boundaries of said school district so as to

increase the size of said school district, and authorizing said school district to issue and sell bonds in the amount of $15,000 for the purpose of constructing a school building, gymnasium, purchasing a site and maintaining a school, and providing a tax for the payment of said bonds, and suspending the 15-cent tax levy provided in said Act.''

The provision of the constitution involved provides: ''No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.'' The word ''substance,'' as used in this provision of the constitution, is synonymous with the word ''subject.'' *Railroad* v. *State,* 110 Tenn., 614; *Debardelaben* v. *State,* 99 Tenn., 653; *State* v. *Runnels,* 92 Tenn., 323; *Ransome* v. *State,* 91 Tenn., 719; *State ex rel.* v. *Gaines,* 69 Tenn., 737.

It is not insisted that the act embraces more than one subject. The question for decision, therefore, is, does the amendatory act recite in its caption or body the subject of the act which it proposes to amend?

Manifestly the subject of the Act of 1921 was ''the creation of the Coopertown Special School District in Robertson County.'' That subject would impress upon any reasonable mind the general nature and character of the legislation proposed. Whatever is of sufficient import to direct the mind to the subject of proposed legislation meets the object of the constitution. *Railroad* v. *Byrne,* 119 Tenn., 307; *Truss* v. *State,* 81 Tenn., 312.

█ When the subject of a statute is sufficiently stated in the title, the manner, mode, means or instrumentalities of its enforcement, administration, or accomplishment may be embraced in its body, though not recited or stated in the title. *Van Dyke* v. *Thompson,* 136 Tenn., 143.

Illustrative of this principle we cite the following cases where it was held that the subject of the act was sufficiently expressed in the title:

*Cannon* v. *Mathes,* 55 Tenn., 515. "An act to fix the State tax on property."

*State* v. *M'Connell,* 71 Tenn., 332, "An act to create and establish the sixteenth judicial circuit in this State."

*State* v. *Yardley,* 95 Tenn., 550, "An act to protect hotel, inn, and boarding house keepers."

*Railroad* v. *Transportation Co.,* 128 Tenn., 287, "An act to provide for the organization of corporations."

*State ex rel.* v. *Persica,* 130 Tenn., 54, "An act to define and more effectually provide for the abatement of certain public nuisances."

█ Tested by these decisions, and many others of like import that could be cited, it is manifest that had the caption of the Act of 1921 merely recited "An act creating a special school district in the 13th Civil District of Robertson County, Tennessee, known as the 'Coopertown Special School District,'" it would have sufficiently recited the subject of the proposed legislation. The other recitations in the caption relate to the manner and means of administering this *quasi*-corporation, were unnecessary, are not a part of the subject, and may be treated as surplusage. *Goetz* v. *Smith,* 152 Tenn., 458.

█ The position of counsel, as we understand them, is that the Act of 1929 is invalid because it does not re-

440

cite *verbatim et literatim* the entire caption of the Act of 1921.

In this counsel are in error, the constitution only provides that the "caption *or* substance" (subject) of the act shall be recited.

In this instance the "subject" of the Act of 1921 was recited in both the caption and the body of the Act of 1929.

"Evidently it is not necessary to recite both the title and substance of the original act, but a recital of either is sufficient." *Memphis Street Ry. Co.* v. *State*, 110 Tenn., 608.

The amendatory act in question does not purport to recite the caption of the original act but only the subject thereof.

Where an act proposes to amend several others it is not necessary to recite the title or the substance of the sundry acts passed from time to time but only the subject on which it was designed to operate. *Van Dyke* v. *Thompson, supra.*

The only purpose of this constitutional mandate is to give notice to the lawmakers of the character of legislation which they are to consider. Therefore, when the Act of 1929, in both its caption and body, recited that it was proposed to amend chapter 123 of the Acts of 1921, creating Coopertown Special School District in Robertson County, they were thereby given the requisite notice. They could not have been in anywise misled or deceived. In fact, the caption went further than was necessary and notified them in what particulars it was proposed to amend the original act.

The chancellor held the act valid, and his decree will be affirmed.

In the cause of *R. E. Covington* v. *J. E. Cook, Treasurer, et al.*, from Robertson Equity, the same question is involved with respect to chapter 572 of the Private Acts of 1929. The chancellor likewise sustained this act, and his decree will be affirmed.

In drawing the decrees counsel will recite therein that upon application of counsel for all parties this court advanced said two causes for hearing, and, by consent of counsel, considered them upon briefs, oral arguments having been waived.