LAWRENCE MENSI *et al. v.* WILL WALKER *et al.*

(*Nashville,* December Term, 1929.)

Opinion filed April 5, 1930.

HUGH STANTON, E. B. KLEWER and L. D. BEJACH, for complainant, appellants.

W. B. ROSENFIELD and IRVING A. CLEMENT, for defendant, appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

It is shown by the bill that on March 30, 1928, the defendants purchased land within five miles of the corporate limits of Memphis, in Shelby County, and were proceeding to establish a cemetery in violation of chapter 405, Private Acts of 1925.

Relying upon the statute, which it is alleged defendants ignored, complainants applied for an injunction to restrain them from pursuing their object. Defendants demurred to the bill. The chancellor held that the Act regulating cemeteries contained an unauthorized delegation of power to the County Court of Shelby County and gave the court arbitrary authority to forbid the use of private property for a lawful purpose and that the Act was discriminatory and so sustained defendant's demurrer.

Complainants appealed and insist (1) that the Act contravenes no constitutional provision but is a legitimate exercise of the police power. (2) That the location of new cemeteries and the enlargement of old ones is matter of public concern, the regulation of which properly falls within the police powers of the State. (3) That in the regulatory Act the Legislature could properly constitute either the County Court or the City Commission, or both, a fact-finding body giving them power to determine the particular state of facts to which the provisions of the Act might apply.

█ It is unnecessary to discuss at length the various constitutional questions made by the demurrer and presented through the brief by counsel for appellees. Such discussion would be but a repetition of elementary rules found in numerous textbooks and opinions. For instance, it is not necessary to consider the bill from the standpoint that it cannot be maintained upon the theory that a cemetery is not a nuisance. It is not a nuisance *per se* and the bill is not filed upon that theory but presents the proposition that the defendants proceeded to locate the cemetery in violation of an Act passed by the Legislature in the exercise of its police powers.

█ While not a nuisance *per se,* the location and maintenance of cemeteries might properly involve public health, public welfare, might disarrange the location of highways and streets, and under some circumstances retard or even destroy civic enterprise. Under such circumstances the Legislature could properly exercise the power of regulation. It would have as much power to regulate as it would to operate a cemetery, and, as said in *Pulaski* v. *Ballentine,* 153 Tenn., 398, the operation of cemeteries may properly be classed as a function of

government. Certainly their location and operation might call for the exercise of the police power and such exercise, if attempted in a reasonable manner, would be legitimate. 2 Dillon Municipal Corporations, p. 1032; 3 McQuillin Municipal Corporations, p. 148.

■ The State, in the exercise of its powers under such an Act, could either declare the conditions under which a cemetery might be located, or it could enact the regulatory law and delegate power to a specially created fact-finding body, or to the County Court and municipal legislative body of a corporation, or both, giving to such body or bodies authority to determine the facts under which the law should be applied, as in *Steel* v. *L. & N. R. R. Co.*, 154 Tenn., 208; *Spencer Sturla Co.* v. *City of Memphis*, 155 Tenn., 70; *Leeper* v. *State*, 103 Tenn., 500.

■ Such a regulation as embodied in this Act might be properly confined to congested centers and so to a particular locality without making the Act void as class legislation. Such classifications made to depend upon the population standard are authorized by authority and sustained on principle. *Darnell* v. *Shepard*, 156 Tenn., 544.

■ If the classification is not arbitrary, and if the regulation is designed as an exercise of the police power, the Act would in no wise violate the provisions of Article I, Section 8, Article II, Section 8, of the State Constitution, and the Fourteenth Amendment. These provisions do not interfere with the proper exercise of the police power by either the State or Federal Government. *Motlow* v. *State*, 125 Tenn., 547.

As under the drainage law, chapter 185, Acts of 1909, where the Legislature made the law and delegated to the county court power to find the facts and apply the law, the Legislature here passed the controlling Act making

its operation dependent upon facts to be found and applied by the fact-finding bodies therein designated, and empowered these bodies to approve the location of cemeteries when the municipality, if within five miles of its corporate limits, was not injuriously affected, or if beyond that distance, power was conferred upon the county court to determine the fact and allow the location of the cemetery if the proposed location would not affect the public health or the public welfare.

The Act specifically declares the conditions that ought to be met. It confers no arbitrary power upon these fact-finding bodies but each must exercise a sound discretion which would be reviewable upon *certiorari* as at common law.

This Act was before the court on appeal in the case of *C. D. Smith et al.,* v. *Memphis Memorial Park Cemetery,* and the questions presented were disposed of in a memorandum opinion. In that case it appeared that the cemetery was established before the passage of the Act and the court refused to sustain the bill which sought to give retroactive effect to the Act under the provision of section 2. This section was designed to include established cemeteries and it was declared invalid to the extent that it might operate retroactively upon an established cemetery. Section 2 bears no consistent relation to the body of the Act in so far as it is an attempt at retroactive effect. The provision of section 2 referred to is germane. It is only invalid to the extent that it was designed to operate retroactively.

The title expresses the intention to enact a law for the regulation, location, establishment and operation of cemeteries. Under this caption, without more, an Act could have been passed that meets all the requirements of

a valid police regulation, but the caption goes further and recites that the Legislature intended to require the approval for the establishment or enlargement of cemeteries by quarterly courts, and by quarterly courts and legislative bodies of cities or towns where the cemetery lies within the corporate limits or within five miles of the corporate limits. It then defines cemeteries, defines the duties of the quarterly court and of the legislative body of the municipality with reference to approval or disapproval of plans presented for the establishment or enlargement of cemeteries.

The caption also recites that the Act makes it unlawful to locate a cemetery without compliance with its provisions. Under this broad caption the statute relied on by complainants and assailed by defendants appears.

In determining whether or not the body of an Act is germane to the title, the court must look to the Act and give reasonable meaning to its words and context.

This Act provides that no cemetery shall be established or enlarged without approval of the county court where the location is beyond five miles of the city limits and by the quarterly court and the legislative body of the municipal corporation where the cemetery is within the corporate limits or within five miles of the corporate limits. It further provides:

"If the Court or legislative body passing on such petition shall find that the location and plan of such cemetery conforms to all laws and ordinances regulating cemeteries, and to the general plan of such city or town, or extension thereof, if it lies within such city or town or within five miles of the corporate limits thereof, or to the general plan of the county if it lies therein but beyond five miles of the corporate limits of any incorporated city or

town; and that the location and operation of such cemetery will not injure, affect or interfere with the public peace, health, safety, comfort and general welfare, consideration being given to the character of the district where such cemetery is to be located, or enlarged, the peculiar suitability of such location for cemetery uses, the conservation of property values, the direction of building improvement, the congestion on public highways, and further extensions of public streets, highways, sewers, water mains and instrumentalities of public service companies, then it shall be the duty of the Quarterly County Court and legislative body of such incorporated city or town, to approve the location and plans for the laying out or enlargement of such cemeteries; otherwise such plan or plans shall be disapproved and rejected.''

Section 2 defines cemeteries and contains a provision which the court held in *Smith* v. *Memorial Park,* could not be given retroactive effect. As stated, this entire section could be eliminated without impairing the validity of the Act but that is not necessary because section 2 is covered by the language of the title declaring it an Act to regulate the location, establishment and operation of cemeteries. The doctrine of elision, always applied with hesitation, is therefore inapplicable in this case.

A title containing index of details or a synopsis of an Act is never necessary to meet the requirements of Article II, Section 17, of the Constitution. It is sufficient if the title directs the mind to the object of the proposed legislation. *Hunter* v. *Conner,* 152 Tenn., 258.

Having found that the classification is reasonable and that the regulation is designed as a necessary police

measure, we are constrained to reverse the decree of the chancellor and remand the cause for further proceedings not inconsistent with the law as herein declared.