RUSHING *et al. v.* TENNESSEE CRIME COMMISSION *et al.*[*]

*(Jackson,* April Term, 1938.)

Opinion filed May 27, 1938.

[*]See Joyner v. Priest, p. 320, infra.

H. G. ARNOLD, of Jackson, for appellant.

EDWIN F. HUNT, CHAS. L. CORNELIUS, THOS. H. MALONE, J. H. BALLEW, and WM. J. WADE, all of Nashville, DUDLEY PORTER, JR., of Paris, W. W. CRAIG of Ripley, and L. L. FONVILLE, of Jackson, for appellees.

Mr. Justice Cook delivered the opinion of the Court.

The complainants Walter Rushing and Henry Light were summoned to testify before the Tennessee Crime Commission created by Chapter 13, Public Acts Third Extra Session, 1937. They challenged the authority of the Commission to subpœna them upon the ground that the Act is void and filed the bill seeking to have it declared unconstitutional. The chancellor sustained defendants' demurrer and dismissed the bill. Appeal was prayed and the cause is here to review the decree of the chancellor upon assignments of error through which it is insisted that the Act contravenes provisions of the Constitution and especially Article 1, Section 7; Article 1, Section 8; Article 1, Section 9; Article 1, Section 21; Article 2, Section 17; Article 2, Section 24; Article 6, Section 12, and Article 11, Section 16.

The questions presented by the assignments of error are quite numerous and will be disposed of in proper order, commencing with appellants' proposition that the body of the Act is broader than the caption and contains incongruous provisions. The caption reads:

"An Act to provide for the creation and establishment of a Crime Commission of the State of Tennessee; to prescribe the powers and duties of such Commission; to provide for an appropriation for carrying out the provisions of said Act, and to provide penalties for violations thereof."

The purpose of the Legislature, as expressed under the foregoing caption, is to establish a committee of inquiry with authority to assemble facts and report findings to the Legislature as the possible basis for corrective and remedial legislation amendatory of the penal code. The

power of the Commission is so limited by section 2 of the Act, which provides:

"That the duties of the Crime Commission shall be to examine the crime situation in Tennessee, including the procedure, methods and agencies concerned with the detection of crime, the apprehension, bailing, prosecution and trial of persons accused of crime, the punishment, treatment, pardon and parole of convicted persons, together with judicial administration, psychiatric cases, juvenile delinquency, causes of crime and other kindred subjects.

"The Commission shall otherwise study and report upon all other matters having any relation, directly or indirectly, with the crime situation in this State.

"The Commission shall report to the Legislature upon the beginning of its biennial session and at any other time when the Governor or Legislature may direct, its findings and recommendations, and draft the bills necessary to carry them out. The Commission shall recommend to the various departments, commissions and officers of the State, or any political sub-division thereof, drafts of laws, rules or regulations which it considers necessary to carry out its recommendations, and shall submit copies of such recommendations to the Legislature as a part of its report."

 The subsequent provisions of the Act, as may be seen by a reference to the body, are designed to aid in the accomplishment by the Commission of the purposes stated in the caption, so we find that the enactment does not violate Article 2, Section 17, as insisted by complainants. It was not necessary for the caption to index the details of the Act. It was sufficient if the caption directed the mind of the legislators to the object of the proposed

legislation, as it does. Under the general subject expressed by this caption the Legislature could, as was done here, legislate upon the matter, means and instrumentalities necessary to accomplish the general purpose expressed. *Riddick* v. *Insurance Co.,* 165 Tenn., 105, 52 S. W. (2d), 166; *Mensi* v. *Walker,* 160 Tenn., 468, 26 S. W. (2d), 132; *McMahan* v. *Felts,* 159 Tenn., 435, 19 S. W. (2d), 249; *Shields* v. *Williams,* 159 Tenn., 349, 19 S. W. (2d), 261; *Goetz* v. *Smith,* 152 Tenn., 451, 278 S. W., 417.

■ The Act before us is not expressly amendatory of any law, so it was not necessary to include in the title a reference to laws impliedly amended. *Daniels* v. *State,* 155 Tenn., 549, 296 S. W., 20; *Koen* v. *State,* 162 Tenn., 573, 39 S. W. (2d), 283.

■ ■ The Legislature has unlimited power to enact laws except as expressly or impliedly restrained by the Constitution, and the other questions raised by the assignments of error are dependent upon whether in passing the Act the Legislature went beyond the restraints imposed by the people through their Constitution. We have considered the Act to determine whether or not the Legislature violated any provision of the Constitution. The Act does not suspend any general law and it does not grant rights, privileges and immunities contrary to Article 11, Section 8, nor does it impose any particular burden upon individuals or classes. It would be an abuse of judicial power to declare the Act unconstitutional class legislation. *Richardson* v. *Young,* 122 Tenn., 471, 125 S. W., 664.

■ There is no merit in the complaint that the Act violates either of the provisions of the Constitution now being considered, because witnesses are required to attend without any provision having been made to compen-

sate for their attendance. *Henley* v. *State,* 98 Tenn., 665, 41 S. W., 352, 1104, 39 L. R. A., 126.

The services required of witnesses are not particular services but general. Every citizen of the State may be called upon to render services as a witness for the general good as well as his own benefit. Section 4 of the Act provides:

"The Commission may issue a subpœna in the name of the State Crime Commission of Tennessee requiring any person to appear before the Commission and be examined with reference to any matter within the scope of the inquiry or investigation being conducted by the Commission and to bring with him any books, records or papers. The provisions of the general law of this State in relation to enforcing obedience to a subpœna lawfully issued by a court of record shall apply to a subpœna issued by the Commission as authorized by this section."

■ It is said this provision renders the Act void because it provides for issuance of subpœnas in the name of the Commission instead of in the name of the State and, being contrary to Article 6, Section 12, of the Constitution, renders the entire Act void.

Supposing that notice from the Commission to appear and testify is a writ or process contemplated by Article 6, Section 12 (*Lyle* v. *Longley,* 65 Tenn. (6 Baxt.), 286, 290), the constitutional requirement that process run in the name of the State would be read into the statute without striking it down. *State* v. *Ritzius,* 164 Tenn., 259, 265, 47 S. W. (2d), 558; *Maxey* v. *Powers,* 117 Tenn., 381, 403, 101 S. W., 181.

■ No restraint is imposed by the Constitution upon the power of the Legislature to create boards and commissions as the instrumentalities of government nor is

there any restraint upon the power to provide means through which such boards and commissions may accomplish the purpose for which they are created. The fact the Commission may exercise *quasi*-judicial power under provisions of the Act would not render it void as an encroachment upon judicial power contrary to Article 2, Section 2. There is quite a full discussion of this proposition in *House* v. *Creveling,* 147 Tenn., 589, 596, 250 S. W., 357, to which reference is made without repeating the discussion.

The provisions of such statutes authorizing public instrumentalities such as boards and commissions to issue subpœnas for witnesses and require them to produce pertinent documentary evidence in their possession are not proscribed by any provision of the Constitution nor by any consideration of public policy. Such powers are conferred upon the Fire Prevention Department, upon the State Board of Public Utilities, and upon municipal boards through provisions in corporate charters. The provision authorizing the Commission to issue subpoenas does not render the Act void. *Rhinehart* v. *State,* 121 Tenn., 420, 117 S. W., 508, 17 Ann. Cas., 254; *City of Memphis* v. *Enloe,* 141 Tenn., 618, 214 S. W., 71; *In re Cumberland Power Company,* 147 Tenn., 504, 249 S. W., 818.

Section 5 of the Act is assailed as an unwholesome provision that renders the entire Act void. That section provides:

"That no person shall be excused from attending and testifying or producing papers, documents, records, or other items of evidence, before the Crime Commission in obedience to a subpœna of said Commission on the ground or for the reason that the testimony or evidence, docu-

mentary or otherwise, required of him, may tend to incriminate him or subject him to penalty or forfeiture; but the testimony so given shall not be used in evidence against him in any criminal prosecution in the courts of this State seeking his conviction for any offense about which he has been required to testify.''

It is said that this section violates Article 1, Section 9, that forbids compulsory self-incrimination.

It seems unnecessary to go further than to refer to the language of section 5, which provides for the protection of witnesses against prosecution arising from any fact divulged by their testimony before the Commission. The constitutional provision relied on cannot be invoked to prevent the disclosure of facts necessary to a legitimate inquiry for use as the basis for a report to the Legislature, and Article 1, Section 9, was not designed to prevent disclosure of facts within the knowledge of a witness, where he is given assurance by the State that the facts revealed by him will not be used as a basis for the infliction of punishment. *State* v. *Stone,* 161 Tenn., 74, 77, 29 S. W. (2d), 250; *Zanone* v. *State,* 97 Tenn., 101, 36 S. W., 711, 35 L. R. A., 556.

Much is said in the briefs of counsel about the power of the Commission to compel the attendance of witnesses as provided in section 4 and to punish for contempt as provided in section 8 of the Act. By section 4 witnesses may be compelled to obey a subpœna issued by the Board under provisions of the general law of the State in relation to enforcing obedience to a subpœna lawfully issued by a court of record.

Under the Act construed in *Rhinehart* v. *State,* 121 Tenn., 420, 445, 117 S. W., 508, 17 Ann. Cas., 254, the State Fire Marshal was authorized to exercise the pow-

ers of a justice of the peace in issuing subpœnas for the purpose of investigating fires. That provision was sustained and we see no reason why the Legislature could not, as was done here, empower the Commission to issue the subpœna and enforce attendance by resort to provisions of the general law. That is to say, by the enforcement of the penalty prescribed by general laws. However, since no attempt has been made by the Commission to enforce a penalty against the complainants, they cannot challenge the validity of section 4. And so with the criticism directed to section 8 of the Act. By that section the Commission is empowered to punish for contempt in the same manner as now obtains in courts of record under the general law.

As heretofore intimated, the Legislature of this State in more than one instance has conferred power upon boards and commissions to punish for contempt, but the question has never been directly presented to this court. We find by reference to the decisions of other States that the power of the Legislature to authorize boards and commissions to punish for contempt has been sustained. See *In re Sims,* 54 Kan., 1, 37 P., 135, 25 L. R. A., 113, 45 Am. St. Rep., 261; *People* v. *Schwarz,* 78 Cal. App., 561, 248 P., 990, 993; *In re Hayes,* 200 N. C., 133, 156 S. E., 791, 73 A. L. R., 1185.

If section 8 is invalid because it confers power upon the Commission to punish for contempt, the section is incidental and severable. But it is not now necessary to determine whether section 8 is beyond legislative authority and violative of the Constitution. The complainants are not even remotely threatened with punishment for contempt and the courts do not pass upon constitutional questions that involve no personal or property

right of the parties. *East Tennessee & Western North Carolina Motor Transp. Co.* v. *Carden,* 164 Tenn., 416, 50 S. W. (2d), 230; *Hill Co.* v. *Whitice,* 149 Tenn., 168, 258 S. W., 407.

It is insisted that the provision of section 6 requiring all departments and officers of the State and its subdivisions to give information to the Crime Commission in aid of its inquiry is void, among other reasons because it violates the assurance against unlawful search and seizure, lets the Commission inquire into the private affairs of the citizens, and for other reasons. Counsel have pointed out no provision of the Constitution to support complainants' insistence and we know of no constitutional restraint upon the power of the State to inquire into the conduct of State, county and municipal officials in their management of public affairs and to examine the public records in their possession. Assurance of Article 1, Section 7, of the Constitution against unreasonable searches and seizures is not involved in a public inquiry into official conduct and the examination of official records. No provision of the Constitution can be invoked by public officials to enable them to suppress facts connected with public business under their control.

We have considered all the assignments of error and find them without merit.

Affirmed.